O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Disciplinary Matter of<br><br>    PAUL ALLEN TRAINA<br><br>California State Bar No. 155805 | NO. MC 10-304 ABC<br><br>ORDER OF SUSPENSION |

On July 13, 2010, the Ninth Circuit suspended Respondent Paul Allen Traina from the practice of law in that court for a period of six months. In re Girardi, 611 F.3d 1027 (9th Cir. 2010). As a result of the Ninth Circuit's order of suspension, this Court issued an Order to Show Cause to Respondent on August 9, 2010 as to why he should not be suspended from this Court. The Order to Show Cause called for a response within 30 days and Respondent lodged a "Response to the Order to Show Cause (Attorney Discipline)" on September 8, 2010 ("Response").[1] The Court has considered the Response, and all of the exhibits thereto. For the reasons discussed below, the Court finds

---

[1] The Court subsequently granted Respondent's request that the Response be filed under seal.

the Response unpersuasive and finds Respondent should be suspended from practicing in this Court.

When an attorney is "suspended . . . from the practice of law by the order of any United States Court," the Local Rules of the Central District suggest that suspension is appropriate here as well. See Local Rules 83-3.2.1, 83-3.2.3. To avoid suspension in the Central District, an attorney suspended from another federal court must demonstrate the existence of at least one of four enumerated exceptions: (a) that the procedure in the other court was "so lacking in notice or opportunity to be heard as to constitute a deprivation of due process"; (b) "there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the Court should not accept as final the other jurisdiction's conclusions" regarding Respondent's misconduct; (c) "imposition of like discipline would result in a grave injustice"; or (d) "other substantial reasons exist so as to justify not accepting the other jurisdiction's conclusions." Local Rule 83-3.2.3.

In this case, a three-judge panel of the Ninth Circuit held that Respondent and his colleague should be suspended from practicing in that Court for six months because "[t]he history of the [underlying] enforcement action demonstrates the multiple occasions on which they chose to remain willfully blind to the fact that they were making false statements. By the time they appeared in [the Ninth Circuit], the attempt to salvage their case became indistinguishable from a knowing submission of false documents." Girardi, 611 F.3d at 1039.[2]

---

[2] The facts giving rise to that conclusion are discussed at length in the Ninth Circuit's published opinion, and will not be repeated here.

1    In arguing that this Court should not also suspend him from
2 practicing law, Respondent makes two arguments.  First, Respondent
3 argues that substantial reasons exist to justify departing from the
4 Ninth Circuit panel's conclusion that suspension is appropriate.
5 Respondent's argument appears to be premised on the fact that this
6 case involves "complex[]" issues and that there are "real differences"
7 between the Ninth Circuit panel's conclusions, on the one hand, and
8 the opinions of the appointed Special Master and Independent
9 Prosecutor, on the other hand.  (See, e.g., Response at ¶ 3; see also
10 id. at ¶¶ 14, 23.)  Respondent also emphasizes that the relevant
11 foreign judgment was written in Spanish, and that he relied on others
12 to explain the document given that he does not speak Spanish.  (See
13 id. at ¶¶ 25-29.)  According to Respondent, case law from other
14 circuits is more sympathetic to lawyers in such circumstances.  (See
15 id. at ¶¶ 27-28 (discussing cases from the Seventh and Eleventh
16 Circuits).)  Thus, the Court interprets Respondent's argument to be
17 that other judges may have imposed lesser disciplinary sanctions
18 (i.e., that reasonable minds could differ on whether suspension by the
19 Ninth Circuit panel was appropriate).

20    This argument is not availing.  The three-judge Ninth Circuit
21 panel held that Respondent engaged in egregious misconduct, for which
22 suspension was appropriate.  That others may not have suspended
23 Respondent does not provide "substantial reason[]" for this Court to
24 depart from the Ninth Circuit panel's conclusions.

25    Second, Respondent argues that a "grave injustice" would occur if
26 he is suspended from practicing in this Court.  (See, e.g., id. at ¶
27 3.)  This argument appears premised on his position that "[t]he
28 monetary sanctions and suspension already in effect and the extensive

3

1  mitigation efforts by Mr. Traina amply ensure the integrity of the
2  system." (Id. at ¶ 31; see also id. at ¶¶ 32-34.)
3      The mere fact that Respondent has already been disciplined for
4  his misconduct and that he plans to avoid such future misconduct does
5  not make it a "grave injustice" for him to be suspended by this Court.
6  The facts found by the Ninth Circuit panel are damning.  On multiple
7  occasions (including when the underlying action was pending in this
8  Court before Judge Manella), Respondent was willfully blind to the
9  fact that he was making false representations.  See Girardi, 611 F.3d
10 at 1039; see also id. at 1036 (following removal and when faced with a
11 motion to dismiss, Respondent continued to pursue his "increasingly
12 untenable position" and "did virtually nothing to investigate and
13 determine the veracity of the statements made in the Complaint"
14 despite red flags questioning their accuracy).  By the time the case
15 reached the Ninth Circuit, Respondent's conduct was indistinguishable
16 from knowingly submitting false documents.  Girardi, 611 F.3d at 1039.
17 It is not a "grave injustice" that Respondent be suspended from this
18 Court for that behavior notwithstanding the other circumstances raised
19 by Respondent.
20     In short, none of the arguments presented by Respondent provide
21 good cause justifying that the Court not accept the Ninth Circuit's
22 conclusions and similarly suspend Respondent.  The showing required of
23 Respondent for this Court not to suspend him is high: he must provide
24 "substantial justification" for this Court to reject the Ninth
25 Circuit's conclusions or establish that "grave injustice" will result
26 if he is suspended.  Neither showing has been made.
27     Because Respondent failed to show good cause why he should not be
28 suspended from this Court, **IT IS THEREFORE ORDERED** that Respondent be

1 | suspended from the practice of law in this Court pursuant to Rules 83-
2 | 3.2.1 and 83-3.2.3 of the Local Rules for the Central District of
3 | California.  This suspension shall run concurrently with Respondent's
4 | suspension from the Ninth Circuit.  Accordingly, Respondent may be
5 | reinstated to the Bar of this Court upon submission of proof that he
6 | has been reinstated as an active member in good standing in the Ninth
7 | Circuit.  See Local Rule 83-3.2.4.

8 |     An attorney registered to use this Court's Electronic Case Filing
9 | System (ECF) who is suspended by this Court will not have access to
10 | file documents electronically until the attorney has been reinstated
11 | to the Bar of this Court.

12 |     **IT IS FURTHER ORDERED** that Respondent shall notify this Court of
13 | any further disciplinary action that may be imposed by the Ninth
14 | Circuit within two years of the date of this order.

16 | DATED: November 24, 2010       *Audrey B. Collins*

18 |                     CHIEF UNITED STATES DISTRICT JUDGE